(139 App. Div. 569.)

HAWLEY et al. v. LEVEE.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

MONEY LENT (§ 7*)—EVIDENCE—ADMISSIBILITY.

In an action by brothers against a sister for money lent, tried by plaintiffs on the theory that the money was borrowed and used by defendant for her individual use, she was entitled to show, not only that moneys in question were advanced to her for household expenses, while they were living together, but that they were used therefor.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. § 12; Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by William Hawley and another against Jeanie M. Levee. From a judgment for plaintiffs, defendant appeals. Modified and affirmed, on condition that plaintiffs stipulate to reduce the recovery.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry G. Gray, for appellant.

James W. Osborne (Gilbert D. Lamb, on the brief), for respondents.

LAUGHLIN, J. The plaintiffs and the defendant are brothers and sister. The action was brought to recover the sum of $74,698.50, alleged to have been loaned by the plaintiffs to the defendant. Counsel for the plaintiffs, in opening the case to the jury, stated that his clients would modify their demand and claim a right to recover on eight items only, aggregating $34,350, and that the other items were for a balance of moneys furnished to the defendant for household expenses, for which she had not accounted to them. It appears that the plaintiffs and their sister and mother lived together at No. 22 East Seventy-Sixth street until the mother's death in the month of September, 1904, which premises were owned by their mother, who by her will devised the same to the defendant, and thereafter until her marriage, which occurred long after the date of the last item for which a recovery is sought, she and they continued to live and keep house there.

The concession made by counsel for the plaintiffs in opening his case was in effect that he did not claim a right to recover in this action moneys delivered to the defendant for household expenses and not expended by her for such purpose, for the reason that the remedy of his clients, if any, in that regard, would be a suit in equity for an accounting. He further stated that all of the $34,350, with the exception of an item of $1,300, was borrowed by the defendant for her individual use and went "directly into her houses." It was conceded by counsel for the defendant that she received the eight items of money, aggregating $34,350, by checks payable to her order, or payable to others by her direction; but, notwithstanding this concession, the plaintiffs were permitted to show, over objection duly taken by defendant, the purpose for which, as they claimed, she borrowed and used the money. The evidence thus adduced tended to show that all of the moneys, with the exception of $1,300 and an item of $2,250, which will be considered presently, was borrowed and used for the purpose stated, and that the $1,300 was loaned to her in the months of June and July, 1907, while she was traveling abroad, and was used for her sole benefit. Three of the eight items consisted of two checks for $3,000 each, one dated June 1, and the other June 19, 1906, and a balance of $2,250 on a check for $3,750, dated April 24, 1905; she having returned to plaintiffs $1,500 of the proceeds of that check.

The evidence given in behalf of the plaintiffs tended to show that the two checks for $3,000 each represented money borrowed by the defendant to defray expenses connected with a country house which

she had purchased at New Canaan, Conn., and that the $2,250 was borrowed by her to settle and adjust her sister's interest in the estate of her mother. The plaintiffs did not as to these items show the actual use of the moneys for the purposes for which they claim it was borrowed. The defendant claimed upon the trial that the two $3,000 checks and the $2,250, being the balance of the check for $3,750 not returned to the plaintiffs, or most of these amounts, were obtained and used for household expenses which it was assumed it was the duty of the plaintiffs, under the arrangements under which she and they were living together in her house, to pay. After some specific evidence with respect to disbursements of part of this money was given by the defendant, tending to show that it was used for such household expenses, it was stricken out on motion of counsel for the plaintiffs, and other competent evidence, consisting of the checks on which the money was checked out of the bank by defendant, supplemented by her testimony as to what they were used for, offered for like purpose, was excluded on objection of counsel for the plaintiffs to the effect that the plaintiffs furnished the defendant sufficient funds for household expenses, and that she could not charge these moneys to household expenses and relieve herself from liability to repay the same, at least without showing that she had exhausted the funds furnished by the plaintiffs for household expenses.

We are of opinion that the court erred in striking out and excluding the evidence to which reference has been made. The case for plaintiffs was tried on the theory that these moneys were borrowed and used by the defendant for her individual use, and she was therefore entitled to show, not only that they were advanced to her for household expenses, but that they were used for household expenses; for such evidence would have both tended to rebut evidence given in behalf of plaintiff and to show that she was not liable. In all other respects, however, we think the exceptions presented by the appeal are without merit. There is, therefore, no necessity for a new trial, provided the plaintiffs see fit to stipulate to reduce the recovery.

The judgment should therefore be reversed, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the recovery by the amount of said three items, aggregating $8,250, and interest thereon from the dates of the respective checks on which the defendant received these moneys, in which event the judgment will be so modified, and affirmed as modified, with costs of the appeal to appellant. All concur.